UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Charlotte Scholle,                                 Case No. 3:12-cv-00841

        Plaintiff

      v.                                        MEMORANDUM OPINION
                                                   AND ORDER

Commissioner of Social Security,

        Defendant


### INTRODUCTION

Before me are the objections of Plaintiff Charlotte Scholle, on behalf of John David Scholle,[1] to the Report and Recommendation of Magistrate Judge Kathleen Burke regarding Scholle's complaint seeking review of a final decision of Defendant the Commissioner of Social Security. (Doc. No. 21). The Commissioner filed a response to Scholle's objections. (Doc. No. 22). For the reasons stated below, I adopt the Magistrate Judge's recommendations as set forth in the Report and Recommendation and affirm the decision of the Commissioner.

### BACKGROUND

Magistrate Judge Burke has accurately and comprehensively set forth the procedural and factual background of this case, and I adopted those sections of the Report and Recommendation in full. (*See* Doc. No. 20 at 2-11).

---

[1] While his appeal of the Social Security Administration's denial of his application for Disability Insurance Benefits and Supplement Security Income was pending, Mr. Scholle committed suicide. His mother, Charlotte Scholle, is the substitute party in this litigation. (Doc. No. 20 at 1; Doc. No. 21 at 1).

Scholle argues Magistrate Judge Burke erred in failing to recommend reversal and remand of the findings of the Administrative Law Judge ("ALJ"), and submits three objections to the Report and Recommendation. Scholle objects to Magistrate Judge Burke's conclusions that (1) the ALJ properly applied the treating physician rule; (2) the ALJ properly determined Scholle's testimony was not entirely credible; and (3) the ALJ relied upon appropriate vocational expert testimony. (Doc. No. 21 at 2).

The Commissioner filed a response to Scholle's objections. (Doc. No. 22). The Commissioner asserts Magistrate Judge Burke appropriately concluded the ALJ's decision was supported by substantial evidence and constituted a proper application of the law. (Id. at 1).

## STANDARD

A district court must conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. Pro. 72(b)(3); *see also Norman v. Astrue*, 694 F. Supp.2d 738, 740 (N.D. Ohio 2010).

A district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (*quoting Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

ANALYSIS

**The Treating Physician Rule**

Scholle objects to Magistrate Judge Burke's recommendation that I conclude the ALJ properly weighed the medical opinion evidence. (Doc. No. 21 at 2). Magistrate Judge Burke states "the ALJ properly evaluated the opinion of [Mr. Scholle's treating psychiatrist] Dr. [Miguel] Ramirez in accordance with the treating physician rule . . . [as a] review of the record reveals that the reasons provided by the ALJ for discounting Dr. Ramirez's opinion are supported by substantial evidence." (Doc. No. 20 at 15, 17). Scholle argues Dr. Ramirez's findings "were based on appropriate clinical and diagnostic evidence" and were consistent with his treatment records. (Doc. No. 21 at 3). Scholle also argues Dr. Ramirez's opinions are "uncontradicted by other medical opinions that rise to the level of substantial evidence." (Id. at 4). Further, Scholle asserts "even if not controlling the ALJ was still required to give good reasons for rejecting the opinions [from] Dr. Ramirez." (Id. at 6).

> The treating physician rule mandates:
>
> [The ALJ] must give a treating source opinion controlling weight if the treating source opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. . . . If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. . . . .
>
> [T]he regulations require the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion. Those good reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

*Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (citations and quotations omitted).

In *Blakely*, the Sixth Circuit concluded "the ALJ's summary rejection of [the treating physician] without explaining the weight given his opinions falls short of the Agency's own

procedural requirements: '[A] finding that a treating source medical opinion . . . is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected.' Soc. Sec. Rul. 96–2p." *Blakely*, 581 F.3d at 408. "Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Id.*

Dr. Ramirez offered two opinions: (1) Scholle was totally disabled and (2) Scholle has marked limitations in many characteristics relevant to his employment prospects. (Doc. No. 14 at 303, 304-11). The ALJ noted Dr. Ramirez's opinion that Scholle was totally disabled but did not discuss this opinion any further. (See id. at 18). The Social Security Regulations state the Commissioner is responsible for "administrative findings that are dispositive of a case, i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d); *see also id.* (statement by medical source that claimant is "disabled" or "unable to work" does not mean the Commissioner will conclude claimant is disabled). Physician opinions on a topic such as this are not entitled to deference. *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009). Therefore, I adopt Magistrate Judge Burke's recommendation and conclude the ALJ did not err when he did not give controlling weight to Dr. Ramirez's opinion that Scholle was totally disabled.

Further, I adopt Magistrate Judge Burke's recommendation that I conclude the ALJ properly applied the treating physician rule because the ALJ's evaluation of Dr. Ramirez's opinion is supported by substantial evidence. (Doc. No. 20 at 16-17). The ALJ gave "little probative weight" to Dr. Ramirez's "mental assessment and opinion . . . ." (Doc. No. 14 at 19). As Magistrate Judge Burke noted,

> [t]he ALJ explained that he gave only limited weight to Dr. Ramirez's opinion because (1) it was not well supported by Dr. Ramirez's own objective findings and other medical evidence of record; (2) it was inconsistent with Dr. Ramirez's clinical records; (3) it was inconsistent with Mr. Scholle's wide range of daily activities; and (4) it was inconsistent with Mr. Scholle's testimony at the administrative hearing, where he admitted that medications helped with his symptoms.

4

(Doc. No. 20 at 16). Contrary to Scholle's assertion, there is no evidence the ALJ ignored "the significant mental status abnormalities described by and relied upon by the treating expert" in favor of "some normal findings . . . ." (Doc. No. 21 at 4). The ALJ summarized the record evidence and acknowledged the statements Dr. Ramirez made in support of his opinions. (Doc. No. 14 at 18). In particular, the ALJ noted Dr. Ramirez's opinions "are inconsistent with his clinical records which generally show [Mr. Scholle] to be reasonably stable when taking prescribed medication." (Id. at 20). There is substantial evidence to support the ALJ's application of the treating physician rule and his decision to give little weight to Dr. Ramirez's opinion, as well as the ALJ's decision to give "great weight to the State Agency mental assessments . . . ." (Id.). I conclude Scholle's objection to Magistrate Judge Burke's recommendation is not well-taken and is overruled. I adopt Magistrate Judge Burke's conclusion that the ALJ did not err in assigning less than controlling weight to Dr. Ramirez's opinion.

**Evaluation of Claimant's Credibility**

Scholle objects to Magistrate Judge Burke's conclusion that the ALJ properly evaluated Mr. Scholle's credibility. (Doc. No. 21 at 7). Scholle argues (1) "there is [no] material inconsistency between Mr. Scholle's activities of daily living and his mental disabilities" and (2) the ALJ improperly found Mr. Scholle less than credible "because he had received only 'conservative' treatment." (Doc. No. 21 at 7-8).

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. The ALJ's credibility assessment "must be supported by substantial evidence." *Id.* The ALJ concluded Mr. Scholle's "statements concerning the intensity, persistence and limited effects of [his] symptoms are not credible." (Doc. No. 14 at 19). The ALJ pointed to numerous, specific pieces of evidence in the record in support of his credibility determination, including Dr. Ramirez's progress notes and Mr. Scholle's testimony "that

5

medications have helped his symptoms." (Doc. No. 14 at 19-20).  While Scholle points to other record evidence that bolsters the credibility of Mr. Scholle's testimony, a reviewing court "must defer to an agency's decision 'even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ.'" *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (*quoting Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Scholle's objection to Magistrate Judge Burke's recommendation that I conclude the ALJ's credibility determination is supported by substantial evidence is not well-taken, and is overruled.

**Vocational Expert Testimony**

Scholle asserts the vocational expert's testimony is flawed because the ALJ's hypotheticals relied on an improper residual functional capacity finding.  (Doc. No. 21 at 9).  As I stated above, the ALJ complied with the Social Security Regulations in deciding to give less than controlling weight to Dr. Ramirez's opinion.  I agree with Magistrate Judge Burke's recommendations that "the ALJ adequately accounted for all of Mr. Scholle's limitations in his hypotheticals to the [vocational expert] . . . [and therefore] [t]he ALJ's reliance of the [vocational expert's] testimony was . . . proper and such testimony constitutes substantial evidence in support of the ALJ's Step Five determination." (Doc. No. 20 at 25-26).  I conclude Scholle's objection is not well-taken and adopt Magistrate Judge Burke's recommendation.

## CONCLUSION

For the reasons stated above, I adopt the conclusions of Magistrate Judge Burke as set forth in the Report and Recommendation and affirm the Commissioner's decision.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge